UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERIC-JOSHUA MAPES, Sui juris, <br><br> Plaintiff, <br><br> v. <br><br> PACER, et al., <br><br> Defendant. | CAUSE NO.: 4:22-CV-78-TLS-JEM |

## OPINION AND ORDER

Eric-Joshua Mapes, a Plaintiff proceeding without counsel, filed a Complaint [ECF No. 1] against Defendant Public Access to Court Electronic Records (PACER). He also filed a Motion for Leave to Proceed In Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Plaintiff's Motion is denied. The Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the Plaintiff is granted additional time to amend the Complaint, which must be accompanied either by the statutory filing fee or another motion to proceed in forma pauperis. If the Plaintiff fails to amend the Complaint within the time allowed, the Clerk of Court will be directed to close this case without further notice to the Plaintiff.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts."). To authorize a litigant to proceed in forma pauperis, a court must make two determinations: first, whether the litigant is unable to pay the

costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, *id.* § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a)(1). In lieu of filing a motion in forma pauperis using the standard AO 239 form, the Plaintiff submitted a verified affidavit generally attesting under penalty of perjury that he is unable to cover the filing fee. ECF No. 2. The affidavit omits certain details, such as a general statement of assets, included in the AO 239 form questions that the Court must consider in granting a motion for in forma pauperis. *Id.* § 1915(a)(1). Because the affidavit lacks these details, it does not demonstrate the Plaintiff is unable to pay the costs of commencing the action.

Under the second inquiry, a court reviews the sufficiency of the complaint to determine whether it could state a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on a defendant and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

To state a claim, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

2

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the Plaintiff's Complaint, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in his favor. *See Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

The Plaintiff attempts to state several claims. The Plaintiff gives two discernable and explicit legal bases for his claims: a violation under Title II of the Americans with Disabilities Act, § 2 (1990) (ADA), specifically 42 U.S.C. § 12132; and a violation of the Federal Rehabilitation Act (1973), specifically 29 U.S.C. §§ 794d, 794. The Plaintiff also broadly alludes to causes of action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983, though no particular rights are alleged to have been violated in conjunction with either. The Plaintiff further claims PACER violated several criminal statutes, both federal and state, though the Plaintiff does not state any basis for a civil remedy from these actions. Finally, the Plaintiff contends he has suffered deprivations of rights secured by the First, Fifth, and Fourteenth Amendments, and of various international treaties relating to the rights of persons with disabilities. The Court considers each of the Plaintiff's claims.

At the outset, the Court notes it is unlikely the Plaintiff can sue PACER; PACER is an electronic court records system managed and operated by the Administrative Office of the United States Courts (AO), which is an office of the Judicial Branch of the Federal Government responsible for providing a broad range of support to federal courts. *See* https://pacer.uscourts.gov/ (last visited Oct. 11, 2022); *see also Nat'l Veterans Legal Servs. Program v. United States*, 968 F.3d 1340, 1343–44 (Fed. Cir. 2020) (explaining PACER's origins and purpose). The Plaintiff has not demonstrated, or even alleged, that PACER is a legal entity possessing the ability to sue and be sued. *See Legal Entity*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining

3

"legal entity" as "[a] body, other than a natural person, that can function legally, sue or be sued, and make decisions through agents"). In other cases featuring plaintiffs who contested the fees associated with using PACER, the party ultimately named as the defendant was the United States. *See, e.g.*, *Nat'l Veterans Legal Servs. Program*, 968 F.3d 1340; *see also Fisher v. United States*, 128 Fed. Cl. 780 (2016).

Even if the United States is the proper Defendant, and, even if the Plaintiff had properly named it as the Defendant, many of the asserted claims must nevertheless fail, such as any arising under 42 U.S.C. § 1983, which provides a cause of action for anyone whose constitutional rights have been violated by "any person" acting under the color of state law. "Absent a waiver, sovereign immunity shields the Federal Government . . . from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)). The statute's text makes clear that Congress did not waive the Federal Government's sovereign immunity in enacting § 1983. *Rhodes v. FBI*, No. 2:16-CV-93, 2017 WL 1021314, at *2 (N.D. Ind. Mar. 16, 2017). The Plaintiff consequently may not use § 1983 as a vehicle to assert against the United States any action to remedy violations of the constitution or federal or state statutory law. Sovereign immunity would likewise bar any claims arising under §§ 504 and 508 of the Rehabilitation Act. *See Dorsey v. U.S. Dep't of Lab.*, 41 F.3d 1551, 1554–55 (D.C. Cir. 1994) (holding that Title VI contains no explicit, unambiguous waiver of sovereign immunity).

The Plaintiff also appears to bring some claims under *Bivens*, 403 U.S. at 397, in which the Supreme Court held an implied right of action existed to allow suit against individual federal agents for damages for an alleged Fourth Amendment violation. Any *Bivens* claims must fail because such claims may only be used as a vehicle to sue *individuals*, not offices and agencies of the Federal Government. *Meyer*, 510 U.S. at 485 (noting that "the purpose of Bivens is to deter

4

the officer" in refusing to extend *Bivens* to permit suit against a federal agency). Nowhere in his Complaint does the Plaintiff name any individual responsible for the illegal action alleged.[1]

The Plaintiff also appears to allege violations of 42 U.S.C. § 12132, the provision of the ADA forbidding public entities from discrimination motivated by a person's disability. This claim is also unavailing because that provision is inapplicable to the Federal Government, its agents, and its officers. *Id.* § 12131.

The Plaintiff last alleges that PACER's actions constituted violations of various federal and Indiana state criminal statutes, as well at least two international treaties. Even assuming the Plaintiff may pursue civil remedies for these alleged wrongs, the Complaint does not contain any clear recitation of the acts triggering the application of those laws or of any facts supporting such claims. Without a basic description of the events underlying this action and the corresponding facts supporting these claims, the Plaintiff cannot state a plausible claim for relief.

Accordingly, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff until November 3, 2022, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under the in forma pauperis statute has the same right to amend a complaint as a fee-paying plaintiff). Any amended complaint must cure the deficiencies identified in this Opinion. Along with an amended complaint, the Plaintiff may also file a new

---

[1] Even if the Plaintiff were to refile a complaint alleging that an individual agent of the Federal Government deprived him of his rights secured by the First, Fifth, and Fourteenth Amendments and any federal statutes, the Court cautions that such claims are unlikely to be successful. In *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854–55 (2017), the Supreme Court noted that it has only recognized a private cause of action under *Bivens* for a Fourth Amendment deprivation, *Bivens*, 403 U.S. 388, a Fifth Amendment claim for sex discrimination, *Davis v. Passman*, 442 U.S. 228 (1979), and an Eighth Amendment claim for failure to provide medical treatment to an inmate, *Carlson v. Green*, 446 U.S. 14 (1980). The Supreme Court further commented, "[E]xpanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar*, 137 S. Ct. at 1857 (quoting *Iqbal*, 556 U.S. at 675).

motion to proceed in forma pauperis. If the Plaintiff does not file an amended complaint by November 3, 2022, the Court will direct the Clerk of Court to close this case.

## CONCLUSION

Based on the foregoing, the Court hereby DENIES the Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2] and DISMISSES without prejudice the Complaint [ECF No. 1] pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Plaintiff is granted up to and including November 3, 2022, to file an amended complaint, as well as either a new motion to proceed in forma pauperis or the filing fee. The Plaintiff is cautioned that, if he does not respond by the November 3, 2022 deadline, the Court will direct the Clerk of Court to close this case without further notice.

SO ORDERED on October 13, 2022.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT